Edward F. Crawford, J.
Petitioners seek an order requiring respondents, the Commissioners of Elections, to place the names of petitioners on the ballot for the general election to be held on November 5, 1974, and for a declaratory judgment that the terms of office of the Sheriff, County Clerk and District Attorney of the County of Oneida are for three years rather than four as prescribed by the Oneida County Charter.
By Local Law No. 3 of 1961 of the County of Oneida, approved by the majority of the qualified voters on November 7, that same year, the County of Oneida adopted a charter pursuant to the provisions of then article 6-A of the County Law. This charter (arts. XVI, XVII, XVIII) provided that the terms of office of the sheriff, county clerk and district attorney would be four years each commencing with the general election of 1963, the first full term of office to commence on January 1, 1964.
At the time of the adoption of the charter, section 5 of article IX of the Constitution provided in part as follows: ‘ ‘ Except in counties in the city of New York and except as authorized in section two of this article, sheriffs, clerks of counties, district attorneys, and registers in counties having registers, shall be chosen by the electors of the respective counties once in every three years and whenever the occurring of vacancies shall require.”
In 1958 amendments were made to section 2 of article IX of the Constitution; these were in effect in 1961 when the charter was adopted. (That those amendments were later repealed need not concern us here.) They required the Legislature to provide by law alternative forms of government for counties outside of New York City.
Pursuant to the then section 2 of article IX, the Legislature enacted article 6-A of the County Law, entitled “ The County Charter Law ’ ’, which took effect, on April 20, 1959 (L. 1959, ch. 569). This article was repealed by the Municipal Home Rule Law (L. 1963, ch. 843, eff. Jan. 1, 1964). Subdivision 1 *273 of section 323 of the County Law, a portion of the then article 6-A, stated: “ Subject to the restrictions in the constitution, ih this article or in any other applicable law, the board of supervisors of a county shall have power to prepare, adopt, amend and repeal a charter law or laws providing a county charter for the county.”
Subdivision 3 of section 323 of the County Law provided that: ‘1 Such a county charter shall provide for * * * b. The agencies or officers responsible for the performance of the functions, powers and duties of the county and of any agencies or officers thereof and the manner of election or appointment, terms of office, if any, and removal of such.officers.”
Section 400 (subd. 1) of the County Law, added by chapter 691 of the Laws of 1950, in effect in 1961 as well as today, provides that ‘ ‘ There shall be elected a sheriff, county clerk, district attorney and county treasurer. * * * The term of office of each such officer shall continue to be three years from and including the first day of January next succeeding his election.” However, subdivision (b) of section 2 of the County Law specifically exempts the provisions thereof from application “in so far as they are in conflict with or in limitation of a provision of any alternative form of county government heretofore or hereafter adopted by a county pursuant to section two of article nine of the constitution * * * unless a contrary intent is expressed in this chapter.”
We find no provision in section 400 or any other section, for that matter, of the County Law expressly stating that the three-year term of office of the sheriff, county clerk and district attorney is to apply even to those counties, which have adopted alternative forms of county government.
In reaching our decision it is worthwhile to note a portion of former article 6-A of the County Law (L. 1959, ch. 569):
‘1 § 325. Legislative intent; construction. 1. It is the intention of the legislature by this article to provide for carrying into effect the provisions of the constitution, article nine, section two, paragraph (b) and, pursuant to the direction contained therein, to empower counties to prepare, adopt and amend county charters by local legislative action, subject to limitations imposed herein. * * *
“ 3. This article shall be construed liberally. The powers herein granted shall be in addition to any other powers granted to counties by any other provisions of general or special laws, including but not limited to charters, administrative codes, special acts or local laws. A permissive procedure authorized by *274 this article shall not be deemed to be exclusive or to prohibit the use of any other procedure authorized by any general or special act of the legislature, charter, administrative code or local law lawfully adopted and still in effect.”
We should also note a portion of the Governor’s message of approval when he signed former article 6-A of the County Law.
‘ ‘ At the General Election in 1958 the voters of this State approved the county home rule amendment to the State Constitution (Article IX, Section 2), which directs the Legislature before July 1959 to confer upon all counties outside the, City of New York the power to prepare, adopt and amend alternative forms of county government, subject to such limitations as the Legislature shall prescribe.”
“ Such legislation is contained in this bill, which adds a new Article 6-A to the County Law, entitled ‘ The County Charter Law.’ It is the intention of this new article to permit county home rule to be used as an instrument for more efficient handling of the varying problems of different counties, without permitting a county to put off its responsibilities onto the State, or to assume powers which have been exclusively those of the State. This legislation carries out that objective by providing the scope and breadth to the charter a county may adopt.”
‘ ‘ Under the County Charter Law a county charter shall provide for an elective board of supervisors with powers of local legislation, appropriation, and determination of county policies; specify agencies or officers responsible for county functions, .and the manner of their selection and term of office”. (N. Y. Legis. Annual, 1959, p. 426.)
It is the opinion of the court that the Constitution authorizes alternative forms of local government and excepts from the three-year term of office otherwise prescribed therein for sheriff, clerks of counties and district attorneys, those counties which have selected an alternative form of local government prescribed by the Legislature and,have chosen thereunder á different term of office for such offices; that the Legislature duly authorized counties adopting county charters pursuant to former article 6-A of the County Law to set the term of office of sheriff, county clerk and district attorney, and that the County of Oneida duly adopted such an alternative form of local government. The court finds that the four-year term prescribed therein for the offices of sheriff, county clerk and district attorney is valid. The petition is dismissed without costs.